Citation Nr: 1532803 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 13-18 473A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to service connection for a respiratory disability.


REPRESENTATION

Appellant represented by: Kenneth L. LaVan, Attorney at Law


WITNESSES AT HEARING ON APPEAL

Appellant and his daughter


ATTORNEY FOR THE BOARD

J. Hager, Counsel
INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from May 1952 to April 1954, to include in Korea.

These matters initially came before the Board of Veterans' Appeals (Board) on appeal from October 2010 and October 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama, which denied the Veteran's claims.

In May 2014, the Veteran testified during a videoconference hearing before the undersigned; a transcript of that hearing is of record. In July 2014, the Board remanded the claims.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran claims that his current low back disability is due to a fall from a pole during his service in Korea. As noted in the Board's previous remand, there are three notations in the service treatment records reflecting treatment for back symptoms, in 1953 and 1954, as well as evidence supporting his lay statements of continuity of back symptomatology, in particular references in the medical evidence to spinal surgery in the 1970s and lay statements as to long standing back symptoms. The Board found the October 2010 VA examiner's opinion inadequate because the basis for the negative nexus opinion was that a single low back strain more than 55 years ago is not enough to indicate the onset of lumbar spine disease, and this rationale does not take into account the multiple notations in the STRs and the evidence of continuity of symptomatology. The May 2015 VA examiner similarly noted only a single in-service treatment for a sprained back and found that one time low back strain more than 60 years ago would not result in the current degenerative joint disease of the lumbar spine. As this new opinion suffers from the same infirmity as the prior opinion, in that it inaccurately states that there was only a single instance of back treatment in service when there were actually three and does not address the evidence of continuity of back symptomatology, a new VA opinion on this question is warranted.

As to the respiratory disability, there are both positive and negative nexus opinions as to whether the Veteran's current COPD and allergic rhinitis are related to his in-service diagnosis of upper respiratory infection and rhinitis. Dr. A.H. indicated on a May 2012 form that the COPD was related to service but did not provide a rationale. The May 2015 VA examiner, after noting the Veteran's 35 year smoking history and lack of mention of respiratory problems in treatment notes of 2004 and 2009, wrote "Vet's COPD most probably from his smoking, rather than one episode of productive cough in 1953." Given the lack of rationale in each opinion, the Board finds that a VA opinion by an appropriate specialist on this question is warranted.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain an opinion from an appropriate VA specialist physician other than the one who provided the May 2015 opinion as to the etiology of any current low back disability. The claims file must be sent to the physician for review.

The physician should indicate whether it is as least as likely as not (50 percent probability or more) that any current low back disability is related to service.

The physician should specifically address the three notations of back symptoms and treatment in the service treatment records, the lay statement of the Veteran and others indicating a continuity of back symptomatology since service, and the multiple references in the medical records to spinal surgery in the 1970s. 

The physician should be advised that the Veteran is competent to report symptoms, treatment, and injuries that the Board has found the Veteran's statements with regard to continuity of back symptomatology since service to be credible, and these statements must be taken into account in formulating the requested opinion.

A complete rationale should accompany any opinion provided.

2. Obtain a VA opinion from an appropriate specialist physician other than the one who provided the May 2015 opinion as to etiology of any current respiratory disability.

The claims file must be sent to the physician for review.

The physician should indicate whether it is as least as likely as not (50 percent probability or more) that any current respiratory disability is related to service. The physician should consider the November 1953 service treatment record, the May 2012 opinion of Dr. A.H., all relevant post-service treatment records, and the Veteran's smoking history.

The physician should provide a detailed rationale for any opinion provided.

3. After the above development has been completed, readjudicate the claims for entitlement to service connection for a low back disability and a respiratory disability. If any benefit sought on appeal remains denied, furnish the Veteran and his attorney a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West 2014).



_________________________________________________
REBECCA N. POULSON
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).